```
Bobby A. Ghajar (S.B. No. 198719)
ghajarb@howrey.com
Kelly Craven (S.B. No. 248050)
cravenk@howrey.com
HOWREY LLP
550 South Hope Street, Suite 1100
Los Angeles, CA 90071
Telephone: (213) 892-1800
Facsimile: (213) 892-2300

Attorneys for Plaintiffs
BMW of North America, LLC and
Bayerische Motoren Werke AG
```

FILED 2009 OCT 28 AM 11:57

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BMW of North America, LLC and Bayerische Motoren Werke AG, <br><br> Plaintiffs, <br><br> v. <br><br> Stephen V. Tackett d/b/a Add, Inc. and AutoBuyLine, <br><br> Defendant. | Case No. **CV09-7846 GHK (SHx)** <br><br> **COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND CYBERSQUATTING** <br><br> **JURY TRIAL DEMANDED** |

HOWREY LLP

DM US:21845066_1

Plaintiffs BMW of North America, LLC and Bayerische Motoren Werke AG (collectively "Plaintiffs") seek injunctive and monetary relief from Defendant Stephen V. Tackett (hereinafter "Tackett") for trademark infringement, unfair competition, and cybersquatting with regard to Plaintiffs' famous "BMW" mark. As alleged more fully below, Defendant has violated, and continues to violate, the Trademark Act of 1946 as amended, 15 U.S.C. §§ 1125, *et seq.* (the "Lanham Act"), and California law through his unauthorized use of Plaintiffs' "BMW" mark in at least twenty-nine internet domain names.

## Parties

1.  Plaintiff BMW of North America, LLC ("BMW NA") is a Delaware limited liability company having its principal place of business at 300 Chestnut Ridge Road, Woodcliff Lake, New Jersey 07677. BMW NA is a wholly owned subsidiary of BMW (US) Holding Corporation, a Delaware corporation, which is a wholly owned subsidiary of Bayerische Motoren Werke AG ("BMW AG").

2.  Plaintiff BMW AG is a corporation organized under the laws of the Federal Republic of Germany with its principal place of business at Petuelring 130, 80809 Munich, Germany. BMW AG designs and manufactures motor vehicles, parts, and other products for sale in Europe and for export and sale throughout the world.

3.  Defendant Steven V. Tackett is, upon information and belief, a California resident having his primary place of business at 30239 Walford Court, Agoura Hills, CA 91301. Defendant is in the business of registering and/or warehousing BMW-composite domains. Upon information and belief, Defendant Tackett is doing business as "Add, Inc." (although no such California corporation exists) and/or "AutoBuyLine."

## Jurisdiction and Venue

4.  This Court has personal jurisdiction over Defendant because Defendant resides in and conducts business in the State of California.

5. This Court has jurisdiction over the subject matter of this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and 1338(b), and has supplemental jurisdiction under 28 U.S.C. § 1367(a) over BMW's claims under California law.

6. Venue is proper in this District under 28 U.S.C. § 1391(b), as Defendant has his primary place of business in this District and, upon information and belief, a substantial part of the events or omissions giving rise to the claims occurred and are occurring in this District.

### Plaintiffs' Famous "BMW" Trademark

7. Plaintiffs are in the business of designing, manufacturing, distributing and servicing motor vehicles and a variety of other products under various trademarks, including the mark "BMW."

8. Plaintiffs have used the "BMW" mark in commerce in the United States continuously since at least as early as 1949 in connection with the design, manufacture and distribution of motor vehicles, repair and maintenance services for motor vehicles, and motor vehicle dealership services.

9. Since long prior to the acts of Defendant complained of herein, Plaintiffs and their predecessors-in-interest have also used the "BMW" mark in connection with their business of designing, manufacturing, and distributing motor vehicles and a variety of other products in the State of California.

10. BMW AG is the owner of the following U.S. registrations for the "BMW" mark:

| Mark | Reg. No. | Reg. Date | Goods/Services |
|------|----------|-----------|----------------|
| BMW | 611,710 | Sept. 6, 1955 | Automobiles and motorcycles |
| BMW | 1,164,922 | Aug. 11, 1981 | Motor vehicle repair and maintenance services and dealership services |
| BMW | 1,627,241 | Sept. 18, 1990 | Clothing |

HOWREY LLP

DM US:21845066 1

| Mark | Reg. No. | Reg. Date | Goods/Services |
|---|---|---|---|
| BMW | 2,816,178 | Feb. 24, 2004 | Antifreeze and automobile paint and engine oils |
| BMW | 3,436,270 | May 27, 2008 | Leasing services for motor vehicles; retail and wholesale financing services for motor vehicles; credit card services; online personal banking; online customer banking services for credit card, loan, finance and lease accounts; loan services |

These registrations were duly and legally issued, and are valid and subsisting. Registrations 611,710, 164,922, 1,627,241, and 2,816,178 are incontestable pursuant to 15 U.S.C. § 1065.

11. Plaintiffs distribute their passenger cars and provide maintenance services for their customers through nationwide networks of authorized dealers and service providers. Plaintiffs authorize their dealerships to use the "BMW" mark in connection with the sale and/or service of BMW products.

12. To create and maintain goodwill among their customers, Plaintiffs have taken substantial steps to assure that their authorized dealerships and service providers using the "BMW" mark are of the highest quality.

13. Beginning at least as early as 1998, Plaintiffs began using their "BMW" mark within various Internet domain names through which customers access Plaintiffs' commercial websites. Through these websites, Plaintiffs provide information to their customers and market a variety of products and services. These websites are accessible through Plaintiffs' primary <BMW.com> domain name, in addition to other domain names containing the "BMW" mark such as <BMWUSA.com>, <www.bmw-service.com>, <socalbmw.com> and <BMWmotorcycles.com>. As a result, consumers have come to associate domain names containing the term "BMW" in whole or as a composite, exclusively with Plaintiffs and their websites.

4

14. Plaintiffs have sold hundreds of thousands of motor vehicles in the United States under the "BMW" mark.

15. Plaintiffs have expended millions of dollars in advertising efforts across the country in connection with the "BMW" mark—including advertising of authorized BMW dealers and their domain names that include the "BMW" mark.

16. As a result of the long use and promotion of the "BMW" mark, Plaintiffs have established the "BMW" mark as a famous and distinctive mark among members of the general American public.

### Defendant's Wrongful Activities

17. Defendant, himself and through his agents including Mr. John Chang, has registered the following domain names incorporating the "BMW" mark without authorization or permission from Plaintiffs:

- www.bmwsalesdirect.com
- www.bmwcertifiedusedcar.com
- www.certifiedbmwdealer.com
- www.bmwsalesandleasing.com
- www.bmwauction.com
- www.bmwsalescalifornia.com
- www.bmwdealerorangecounty.com
- www.bmwonly.com
- www.bmworangecounty.com
- www.bmwreview.com
- www.bmwsales.net
- www.njbmw.com
- www.buyausedbmw.com
- www.ocbmw.com
- www.buyusedbmw.com
- www.socalbmws.com
- www.certifiedusedbmw.com
- www.usedbmws.net
- www.ocbmw.net
- www.ibmwdealer.com
- www.preownedbmwlease.com
- www.usedbmwlease.com
- www.usedbmwauto.com
- www.usedbmworangecounty.com
- www.usedbmwcalifornia.com
- www.usedbmwsoutherncalifornia.com
- www.usedbmwcarsales.com
- www.usedbmwconvertible.com
- www.usedbmwx5.com

18. Plaintiffs have sent Defendant three cease-and-desist letters requesting that Defendant immediately cancel and/or otherwise cease from using the "BMW" mark in these and any other domains.

19. Defendant continues to use these domain names in connection with his business.

20. Defendant is also making trademark use of the "BMW" mark at least two of these domains, www.bmwauction.com and www.ocbmw.net. *See* Exhibit 1.

21. Defendant is not affiliated with or sponsored by Plaintiffs, and has never been duly authorized by Plaintiffs or any of their subsidiaries, affiliates, or authorized agents to use Plaintiffs' marks in any form.

22. Defendant has never been duly authorized to provide services for Plaintiffs or any of their subsidiaries, affiliates, or authorized agents.

23. Defendant's unauthorized use of the "BMW" mark in the manner described above:

    (a) is likely to cause confusion, to cause mistake, and/or to deceive customers and potential customers as to the origin, sponsorship, or approval of Defendant's websites, or as to some affiliation, connection, or association of Defendant with Plaintiffs;

    (b) hinders Plaintiffs' sale of goods and services by preventing potential customers from reaching authorized BMW websites;

    (c) unlawfully removes from Plaintiffs the ability to control the availability of products and services provided under Plaintiffs' marks and places the goodwill and valuable reputation of Plaintiffs in the hands of Defendant, over whom Plaintiffs have no control.

24. Defendant has bad-faith intent to profit from his unauthorized use of the "BMW" mark.

25. Plaintiffs have been damaged and continue to be damaged by Defendant's unauthorized use of the "BMW" mark in the manner described above.

HOWREY LLP

DM US:21845066 1

26. Unless these acts of Defendant are restrained by this Court, they will continue to cause irreparable injury to Plaintiffs and to the public for which there is no adequate remedy at law.

## Count I
## Federal Trademark Infringement
## (Lanham Act § 32, 15 U.S.C. § 1114(1))

27. Plaintiffs reallege and incorporate the allegations set forth in paragraphs 1 through 26 herein.

28. Defendant's use of the "BMW" mark is likely to cause confusion, cause mistake, or deceive customers as to source, sponsorship, affiliation, or association.

29. The acts of Defendant complained of herein constitute use in commerce of reproductions, copies, or colorable imitations of Plaintiffs' federally registered "BMW" mark in connection with the sale, offering for sale, distribution and advertising of goods and services in violation of 15 U.S.C. § 1114(1).

30. Defendant's acts complained of herein have been deliberate, willful, and intentional, with full knowledge and in conscious disregard of Plaintiffs' rights in their mark and with intent to trade off Plaintiffs' vast goodwill in their mark.

31. As a result of the foregoing alleged actions of Defendant, Plaintiffs have been injured and damaged. Unless the foregoing alleged actions of Defendant are enjoined, Plaintiffs will continue to suffer injury and damage.

## Count II
## Federal Unfair Competition, False Designation of Origin
## and Trade Name Infringement
## (Lanham Act § 43(a), 15 U.S.C. § 1125)

32. Plaintiffs reallege and incorporate the allegations set forth in paragraphs 1 through 31 herein.

33. Defendant's unauthorized use of the "BMW" mark falsely indicates that Defendant is connected with, sponsored by, affiliated with, or related to Plaintiffs.

HOWREY LLP

DM US:21845066 1

34. Defendant's unauthorized use of the "BMW" mark has caused, and is likely to continue to cause confusion, mistake, or deception as to the source or sponsorship of the domain names detailed above.

35. Defendant's unauthorized use of the "BMW" mark has diminished the goodwill in Plaintiffs' mark which Plaintiffs have built up at great labor and expense.

36. The acts of Defendant complained of herein constitute unfair competition, false designation of origin, and trade name infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

37. Defendant's acts complained of herein have been deliberate, willful, and intentional, with full knowledge and in conscious disregard of Plaintiffs' rights in their mark.

38. As a result of the foregoing alleged actions of Defendant, Plaintiffs have been injured and damaged. Unless the foregoing alleged actions of Defendant are enjoined, Plaintiffs will continue to suffer injury and damage.

### Count III
### Violation of the Anticybersquatting Consumer Protection Act
### (Lanham Act § 43(d), 15 U.S.C. § 1125(d))

39. Plaintiffs reallege and incorporate the allegations set forth in paragraphs 1 through 38 herein.

40. The domain names registered by Defendant incorporate the "BMW" mark.

41. The "BMW" mark was famous and distinctive at the time of the registration of these domain names.

42. Defendant's registration and use of these domain names has been and is in bad faith, in that the registration and use occurred (i) with full knowledge and conscious disregard of Plaintiffs' rights in the "BMW" mark and (ii) with an intent to profit from Plaintiffs' vast goodwill in this mark.

43. The acts of Defendant complained of herein constitute cybersquatting in violation of Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

44. As a result of the foregoing alleged actions, Plaintiffs have been injured and damaged. Unless the foregoing alleged actions of Defendant are enjoined, Plaintiffs will continue to suffer injury and damage.

### Count IV
### Trademark Infringement and Unfair Competition
### (Common Law of California)

45. Plaintiffs reallege and incorporate the allegations set forth in paragraphs 1 through 44 herein.

46. The acts of Defendant complained of herein constitute trademark infringement and unfair competition in violation of the common law of California.

47. As a result of the foregoing actions of Defendant, Plaintiffs have been injured and damaged. Unless the foregoing alleged actions of Defendant are enjoined, Plaintiffs will continue to suffer injury and damage.

### Count V
### (California Unfair Competition Statute, Cal. Bus. & Prof. Code § 17200 et seq.)

48. BMW re-alleges and incorporates the allegations set forth in paragraphs 1 through 47 herein.

49. The acts of Defendant complained of herein constitute unlawful and unfair competition in violation of the California Unfair Competition Statute, Cal. Bus. & Prof. Code § 17200, as they are likely to deceive and mislead the public.

50. As a result of the foregoing alleged actions of Defendant, Defendant has been unjustly enriched and BMW has been injured and damaged. Unless the foregoing alleged actions of Defendant are enjoined, BMW will continue to suffer injury and damage.

### Prayer for Relief

WHEREFORE, Plaintiffs pray that:

1. Judgment be entered for Plaintiffs on their claims.

HOWREY LLP

DM US:21845066 1

2.    Defendant, his agents, servants, employees, attorneys, and all others in active concert, privity or participation with any of them, be enjoined and restrained, during the pendency of this action, and permanently thereafter, from:

    (a)    maintaining registration of, registering, or using the domain names <bmwauction.com>; <bmwcertifiedusedcar.com>; <bmwdealerorangecounty.com>; <bmworangecounty.com>; <bmwsales.net>; <buyausedbmw.com>; <buyusedbmw.com>; <certifiedusedbmw.com>; <ocbmw.net>; <preownedbmwlease.com>; <usedbmwauto.com>; <usedbmwcalifornia.com>; <usedbmwcarsales.com>; <usedbmwconvertible.com>; <usedbmwlease.com>; <usedbmworangecounty.com>; <usedbmwsoutherncalifornia.com>; < usedbmwx5.com>; <bmwonly.com>; <bmwreview.com>; <bmwsalesandleasing.com>; <bmwsalescalifornia.com>; <bmwsalesdirect.com>; <certifiedbmwdealer.com>; <njbmw.com>; <ocbmw.com>; <socalbmws.com>; <usedbmws.net>; <ibmwdealer.com> or any other domain name, trade name, or mark that consists of or includes the letter sequence BMW or that is otherwise confusingly similar to the "BMW" mark or any other mark or designation of Plaintiffs or their affiliates, including colorable imitations thereof;

    (b)    transferring, trafficking in, or redirecting the above-referenced domain names to any other owner or website;

    (c)    making trademark use of the "BMW" mark at www.bmwauction.com and www.ocbmw.net, and any other website owned by Defendant;

      (d)      doing any other act or thing likely to confuse, mislead, or deceive others into believing that Defendant or his websites are affiliated with, sponsored by, or approved by Plaintiffs.

    3.    An accounting be directed to determine any and all of Defendant's profits and Plaintiffs' losses resulting from Defendant's activities and that any such losses be paid over to Plaintiffs and increased as the Court finds to be just under the circumstances of this case.

    4.    Defendant be required to pay:

      (a)      in accordance with Section 35(a) of the United States Trademark Act, 15 U.S.C. § 1117(a) and (b), an award of treble Plaintiffs' actual damages and Defendant's profits;

      (b)      Plaintiffs' reasonable attorneys' fees and costs of this action;

      (c)      statutory damages of $100,000.00 per domain name relating to Defendant's unlawful acts of cybersquatting; and

      (d)      punitive and/or exemplary damages arising from Defendant's willful acts of trademark infringement and unfair competition in violation of state common law.

    5.    Defendant, in accordance with Section 36 of the United States Trademark Act, 15 U.S.C. § 1118, be required to deliver to Plaintiffs for destruction all domain name registrations, papers, signs, labels, prints, packages, advertising, or other promotional materials in Defendant's possession or control bearing Plaintiffs' trademarks.

    6.    Defendant, in accordance with Section 34(a) of the United States Trademark Act, 15 U.S.C. § 1116(a), be required to file with the Court, and serve upon Plaintiffs, within thirty (30) days after the entry and service on Defendant of an injunction, a report in writing and under oath, setting forth in detail the manner and form in which Defendant has complied with the terms of such injunction.

7. Defendant, in accordance with Section 43(d) of the United States Trademark Act, 15 U.S.C. § 1125(d), be required to cancel or, at Plaintiffs' election, transfer the above-mentioned domain names to Plaintiffs.

8. Plaintiffs recover such other relief as the Court may deem appropriate.

Respectfully submitted,

Dated: October 28, 2009

Bobby A. Ghajar (S.B. No. 198719)
Kelly Craven (S.B. No. 248050)
HOWREY LLP
550 South Hope Street, Suite 1100
Los Angeles, CA 90071
Telephone: (213) 892-1800
Facsimile: (213) 892-2300

*Attorneys for Plaintiffs*
BMW of North America, LLC
and Bayerische Motoren Werke AG

HOWREY LLP

DM US:21845066_1

12

## DEMAND FOR JURY TRIAL

Plaintiffs BMW of North America, LLC and Bayerische Motoren Werke AG hereby demand a trial by jury for all issues so triable.

Dated: October 28, 2009

Bobby A. Ghajar (S.B. No. 198719)
Kelly Craven (S.B. No. 248050)
HOWREY LLP
550 South Hope Street, Suite 1100
Los Angeles, CA 90071
Telephone: (213) 892-1800
Facsimile: (213) 892-2300

*Attorneys for Plaintiffs*
BMW of North America, LLC
and Bayerische Motoren Werke AG

EXHIBIT ___ PAGE ___

10/27/2009

httpwww.bmwauction.com

EXHIBIT ___ PAGE 2

10/27/2009

http://www.ocbmw.net/